UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| In Re: District Clerk's Office Operations ) | Misc. Case No.: 3:21-mc-00341-RBH |
| ) | |
| Movant: Marie Assa'ad-Faltas ) | **ORDER** |
| _____ ) | |

      This matter is before the Court on Movant Marie Assa'ad-Faltas's motion for temporary restraining order or preliminary injunction wherein she requests that the Clerk's Office maintain an email address to accept *pro se* filings electronically. *See* ECF No. 7. Assa'ad-Faltas's motion is before the Court with the Report and Recommendation ("R&R") of United States Magistrate Judge Shiva V. Hodges, who recommends that Assa'ad-Faltas's motion be denied. *See* ECF No. 8. Assa'ad-Faltas timely filed objections to the Magistrate Judge's R&R on June 10, 2021. *See* ECF No. 11. Also before the Court is Assa'ad-Faltas's objection, ECF No. 6, to Magistrate Judge Hodges's text order denying her *pro se* motion to maintain the *pro se* filing email address that was set up to accommodate the closing of public reception/counter areas of the Clerk's Office during the *pre-vaccine* height of the COVID-19 pandemic. Assa'ad-Faltas has also filed a *pro se* "motion for humanitarian accommodation in document filing." *See* ECF No. 23. In all of her motions/objections, Assa'ad-Faltas seeks essentially the same relief - permission for herself, and *pro se* litigants in general, to file documents electronically, whether by emailing the Clerk's Office or through the Court's case management/electronic filing system ("CM/ECF"). For the reasons stated below, Assa'ad-Faltas's request to file documents electronically is denied.

## **Background**

      On March 31, 2020, in response to the COVID-19 pandemic, the Court entered a Standing Order, 3:20-mc-00122-RBH, that closed the public intake areas of all divisional Clerk's Offices. However, in order to allow *pro se* litigants to continue to file documents, a "drop box" was

established at each of the Court's divisional offices in Charleston, Columbia, Florence, and Greenville. The court also continued to accept *pro se* documents by U.S. mail and common courier delivery. In addition to the "drop box" and mail delivery options for *pro se* filers, the Court *temporarily* permitted *pro se* filers to submit documents in Portable Document Form (PDF) by email to a court designated email address. These were temporary measures designed to maintain public access to the courts while the Clerk's Office's public intake areas were closed during the *pre-vaccine* height of the COVID-19 pandemic.

On June 3, 2021, with the availability and accessibility of the COVID-19 vaccine, the Court entered a Standing Order, 3:21-mc-00331-RBH, vacating the March 31, 2020 Standing Order. Specifically, effective June 14, 2021, the Clerk's Offices resumed in-person operations, removed the "drop boxes" from the lobby of each staffed division, and stopped accepting electronic filings by *pro se* filers.

On June 7, 2021, Assa'ad-Faltas filed her first motion to maintain the email address that was temporarily set up for *pro se* litigants and alternatively requested that *pro se* litigants be permitted to file documents electronically on CM/ECF. ECF No. 1. That motion was denied by Magistrate Judge Hodges on June 8, 2021.

On June 8, 2021, Assa'ad-Faltas filed an objection to the Magistrate Judge's Order and also filed a motion for temporary restraining order or preliminary injunction. ECF Nos. 6, 7. Magistrate Judge Hodges issued an R&R recommending that Plaintiff's motion for temporary restraining order or preliminary injunction be denied on June 9, 2021. ECF No. 8. Before the June 3, 2021 Standing Order, 3:21-mc-00331-RBH, took effect, Assa'ad-Faltas electronically filed objections to the Magistrate Judge's R&R on June 10, 2021. ECF No. 11. Assa'ad-Faltas's objections to the R&R,

along with attachments, totaled 909 pages. ECF No. 11.

On June 25, 2021, Assa'ad-Faltas filed a notice of appeal from the Magistrate Judge's R&R. ECF No. 13. In an opinion dated August 30, 2021, the Fourth Circuit Court of Appeals dismissed the appeal for lack of jurisdiction. ECF No. 19. The Mandate and Judgment were issued on September 28, 2021.

Assa'ad-Faltas filed an additional *pro se* motion for humanitarian accommodation in document filing on September 29, 2021. ECF No. 23.

## Standard of Review

The Magistrate Judge makes only a recommendation to the Court. The Magistrate Judge's recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court must conduct a de novo review of those portions of the R & R to which specific objections are made, and it may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

The Court must engage in a de novo review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the Court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate [Judge]'s proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of specific objections to the R & R, the Court reviews only for clear error, *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and the Court need not give any explanation for adopting the Magistrate Judge's recommendation. *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983).

**Discussion**

The Magistrate Judge recommended denying Assa'ad-Faltas's motion for temporary restraining order or preliminary injunction because Assa'ad-Faltas failed to show that irreparable harm would result if she was required to file using the traditional paper method of filing.  In her objections to the Magistrate Judge's R&R, Assa'ad-Faltas argues that Magistrate Judge Hodges harbors an improper bias against Assa'ad-Faltas[1] and asserts that she has satisfied the requirements for a temporary restraining order or preliminary injunction.  The Court will accordingly conduct a *de novo* review of this matter.

A party seeking a preliminary injunction must make a clear showing that the plaintiff is entitled to such relief. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008).  To obtain a preliminary injunction, a plaintiff must: (1) make a clear showing that she is likely to succeed on the merits; (2) make a clear showing that she is likely to suffer irreparable harm in the absence of preliminary relief; (3) establish the balance of equities tips in her favor; and (4) establish that an injunction is in the public interest. *Id*. at 20; *The Real Truth About Obama, Inc. v. Fed. Election Comm'n*, 575 F.3d 342, 346–47 (4th Cir. 2009), *vacated on other grounds*, 559 U.S. 1089, 130 S.Ct. 2371, 176 L.Ed.2d 764 (2010).  A district court need not consider all four *Winter* factors if one is clearly absent. *See Henderson for Nat'l Lab. Rels. Bd. v. Bluefield Hosp. Co., LLC*, 902 F.3d 432, 439 (4th Cir. 2018).  The standard for obtaining a temporary restraining order is the same as a

---

[1] The Court notes there was no motion to recuse before Magistrate Judge Hodges.  The basis for the alleged improper bias is wholly unrelated to the matter presently before the Court and arises from Assa'ad-Faltas's relationship with the Savitz law firm, Stephen Savitz, and his daughter Heather Weiss.  Assa'ad-Faltas alleges that Magistrate Judge Hodges's connection to the Savitz law firm creates a conflict.  The Court, however, having reviewed all of Assa'ad-Faltas's objections, filings, and attachments, does not find any improper bias or conflict of interest on the part of Magistrate Judge Hodges with regard to the instant matter.  Regardless, any argument of improper bias or conflict of interest is moot because the undersigned has conducted a *de novo* review of the matter and finds that Assa'ad-Faltas is not entitled to the requested relief.

preliminary injunction. *Maages Auditorium v. Prince George's County, Md.*, 4 F. Supp. 3d 752, 760 n.1 (D. Md. 2014).

Here, Assa'ad-Faltas has failed to make a clear showing that she is likely to suffer irreparable harm in the absence of preliminary relief. Simply by the filing of her most recent motion, ECF No. 23, which was filed using the traditional paper method, Assa'ad-Faltas has failed to demonstrate a clear showing of irreparable harm if she is not granted permission to file electronically. In fact, in this miscellaneous case alone, Assa'ad-Faltas has managed to file her notice of appeal, ECF No. 13, a letter, ECF No. 17, and her most recent motion by the traditional paper method. Moreover, as noted by the Magistrate Judge, a review of Assa'ad-Faltas's more recent cases filed prior to the pandemic, and prior to the Court's March 31, 2020 Standing Order, indicates that she was able to effectively file voluminous motions without the ability to file electronically. *See, e.g.*, *Assa'ad-Faltas v. Richland Cnty. Sheriff's Dep't., et al.*, C/A No. 3:18-578-MGL; *Assa'ad-Faltas v. Wal-Mart Stores East, L.P.*, C/A No. 3:18-3563-TLW.

Assa'ad-Faltas has also failed to make a clear showing of likelihood of success on the merits. In the District of South Carolina, electronic filing is not permitted for *pro se* filers. Rule 5(d)(3) of the Federal Rules of Civil Procedure provides that *pro se* litigants "may file electronically only if allowed by court order or by local rule." Fed. R. Civ. P. 5(d)(3). The District of South Carolina's local civil rules and electronic case filing policies and procedures specifically provide that a *pro se* party may not register as a "filing user" to file electronically in the ECF system; rather, a *pro se* party **shall file papers in the Traditional Filing Method**. *See* Local Civil Rule 5.02(B) and Electronic Case Filing Policies and Procedures,

http://www.scd.uscourts.gov/AttorneyResourceManuals/ECF/ECF_Policy_and_Procedures.pdf.

The "Traditional Filing Method" means filing original paper documents bearing the signature of the attorney or *pro se* party. *Id*. Assa'ad-Faltas has failed to set forth a sufficient basis for this Court to alter its local civil rules or electronic case filing policies and procedures. Assa'ad-Faltas has not shown a clear likelihood of success on the merits and her request to file documents electronically is denied.[2]

Additionally, and to the extent Assa'ad-Faltas asserts an independent objection to the Magistrate Judge's Text Order, ECF No. 4, the Court finds the Magistrate Judge properly denied Assa'ad-Faltas's motion to file electronically as the Magistrate Judge's order was not clearly erroneous or contrary to law. *See* Fed. R. Civ. P. 72(a).

## Conclusion

For the foregoing reasons, the Court **OVERRULES** Assa'ad-Faltas's objections and adopts and incorporates the Magistrate Judge's Report and Recommendation. Assa'ad-Faltas's [ECF No. 7] motion for temporary restraining order or preliminary injunction is **DENIED**. Likewise, Assa'ad-

---

[2]
    *Pro se* litigants can be unduly prolific, filing excessive motions, briefs, and exhibits. Allowing pro se litigants to file electronically may encourage those prolific *pro se* filers to file excessive, unnecessarily voluminous documents. For example, in this pending miscellaneous case, Assa'ad-Faltas's electronically filed objections. *See* ECF No. 11. Those objections and attachments, which were filed while the Court was still accepting electronic filings from *pro se* parties, totaled 909 pages (3 pages of substantive objections/argument and 906 pages of attachments). The Court has reviewed all 909 pages and finds the attachments lack relevance, are unnecessarily voluminous, and border on abuse of the system. The attachments include transcripts of unrelated legal proceedings, unrelated legal documents, newspaper articles, legislative transcripts of judicial merit selection hearings, etc. As evidenced by Assa'ad-Faltas's excessive attachments in this case, allowing *pro se* litigants to file electronically could create the potential for abuse and result in an enormous drain on court resources.

    Assa'ad-Faltas's litigation history in both state and federal court is worth noting. Several years ago, the Supreme Court of South Carolina found it necessary to summarize some of Assa'ad-Faltas's past litigious conduct. *See City of Columbia v. Assa'ad-Faltas*, 800 S.E.2d 782, 784-787 (S.C. 2017); *see also, Assa'ad-Faltas v. Carter*, No. 1:14CV678, 2014 WL 4566037, at \*4–5, \*9 (M.D.N.C. Sept. 15, 2014) (listing numerous judicial decisions which "show that [Assa'ad-Faltas] repeatedly has abused the litigation process[,] both in state and federal courts" and finding the specific claims before that court to be "legally frivolous and malicious"). As the state supreme court noted, "since 1997, [Assa'ad-Faltas] has been involved in fifty-two matters before this Court and twenty-one matters before the court of appeals, the vast majority of which [Assa'ad-Faltas] has initiated and which have been found to be without merit or frivolous." *Id*. at 784. As for her litigation in federal court in the District of South Carolina, a search of PACER reveals that Assa'ad-Faltas has initiated no fewer than forty lawsuits. Assa'ad-Faltas has never been denied access to any federal court in this district and has demonstrated a prodigious ability to initiate and maintain lawsuits using the traditional paper method of filing.

Faltas's [ECF No. 23] *pro se* "motion for humanitarian accommodation in document filing" is also **DENIED**. Finally, Assa'ad-Faltas's [6] objection to the Magistrate Judge's text order denying her *pro se* motion to maintain the *pro se* filing email address that was set up to accommodate the closing of public reception/counter areas of the Clerk's Office during the *pre-vaccine* height of the COVID-19 pandemic is **OVERRULED**. The Court directs the Clerk to close this case.

    **IT IS SO ORDERED.**

October 29, 2021                                             s/ R. Bryan Harwell
Florence, South Carolina                     R. Bryan Harwell
                                                            Chief United States District Judge